UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND A. HOFF and NANCY B. HOFF,<br>  Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, et al.,<br>  Defendants. | )<br>)<br>)<br>) No.: 3:24-cv-00206-SFR<br>)<br>)<br>)<br>)<br>) |

**AMENDED PROTECTIVE ORDER REGARDING
EXPORT-CONTROLLED MATERIALS AND OTHER PROTECTED DOCUMENTS**

  1. It is hereby ordered by the court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action by the parties to this action, or by third-parties, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut governing disclosure and discovery.

  2. Information, testimony, documents, and other materials may be designated ("Designated Material") by any of the parties to this lawsuit or by third parties or persons producing Designated Material in this action, ("Designating Party(ies)") in the manner permitted as set forth in this Protective Order ("this Order"). All such information, testimony, documents, excerpts from documents, and other materials will constitute Designated Material under this Order. The designations shall be (a) "CONFIDENTIAL" ("Confidential"); and/or, (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," ("Export-Controlled").

  3. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," and/or "SENSITIVE—SUBJECT TO EXPORT

1

CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," thus clearly identifying the category of Designated Material for which protection is required under the terms of this Order. Depending on the nature and substance of the document it may designated with more than one designation under this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

4.  Nondisclosure of information designated as Confidential:

a.  "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy. For all documents properly designated, Confidential information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as Confidential as set forth in this Order by any party to which such information belongs.

b.  The Parties agree that information designated Confidential may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an exhibit to any depositions taken for these purposes pursuant to the terms of this Order.

c.  If a party or its principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of information or materials that have been

designated as Confidential, the recipient of the subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), or overnight delivery to counsel of record for the affected Designating Party and shall furnish such counsel with a copy of the Subpoena or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as Confidential. The person receiving the Subpoena or other request shall not produce the information or material designated as Confidential until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request.

5.     Material designated as Confidential shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a.     Parties: material designated Confidential may be disclosed to parties to this action including their attorneys, directors, officers, employees, and consultants who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before material designated as Confidential is disclosed for this purpose, each intended recipient outside of the parties' law firm(s) must agree to be bound by this Order by signing a copy of the form attached hereto as Exhibit A ("Exhibit A").

    b.     Other Persons: material designated Confidential may be provided as necessary to copying services, translators, and litigation support firms. Before material designated as Confidential is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

    c.     A party that provides or discloses material designated as Confidential to persons under the provisions of this paragraph (Paragraph No. 5) shall maintain copies of

all signed Exhibit A forms and, upon request, shall produce all such signed Exhibit A forms to the Designating Party upon the final termination of this action.

6.      The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[1] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act."

7.      Material designated as Export-Controlled may only be released, disclosed, or made accessible to U.S. Persons (as that term is defined at 22 C.F.R. 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies. This restriction applies to any material designated as Export-Controlled, whether stored electronically on a server or otherwise. Before material designated as Export-Controlled is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit A, attesting that he or she is a U.S. Person as that term is defined as set forth above and at 22 C.F.R. 120.15, has not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in 22 C.F.R. § 120.27, and is not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify him or her from receiving Export-Controlled materials or information. Additionally, before material designated as Export-Controlled is disclosed to any person, each such person shall provide a copy of his or her signed Exhibit A to the Designating Party releasing the materials, testimony, and/or information designated as Export-Controlled, and shall obtain approval from the Designating Party that he or she is eligible to receive materials or

---

[1] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751- 2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 C.F.R. 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

information designated as Export-Controlled. The Designating Party may, at its discretion, confirm the attestations contained within the signed Exhibit A before approving that person for receipt of materials, testimony, and/or information designated as Export-Controlled.

8. In addition to the other requirements of this Order, by accepting material designated as Export-Controlled, the receiving party represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and at 22 C.F.R. 120.15) and that he/she/it will comply with all applicable export, import, and sanctions laws, regulations, orders, and authorizations.

9. Prior to disclosing any Designated Material to any person, the person making such disclosure shall:

    a. Inform the person to whom disclosure is intended of the Confidential and/or Export-Controlled nature of the Designated Material by calling their attention to the designations and explaining what each designation means as set forth in this Order;

    b. Inform the person to whom disclosure is intended that this court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;

    c. Provide the person to whom disclosure is intended with a copy of this Order and obtain a copy of Exhibit A that is signed by that person; and

    d. For any material designated as Export-Controlled, provide a copy of Exhibit A signed by the person to whom disclosure is intended and obtain approval from the Designating Party for the person to whom disclosure is intended to receive the materials or information designated as Export-Controlled before disclosing the Export-Controlled materials to that person as set forth in Paragraph No. 7 of this Order.

10. A person having custody of Designated Material shall maintain it in a manner that

limits access to the Designated Material to persons permitted such access under this Order.

11.   The Designating Parties will use reasonable care to avoid designating documents or information that do not qualify for a designation.

12.   Improper designations are prohibited. Designation under this Order as Export-Controlled is allowed only as required by the applicable export control regulations. If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing or modifying the mistaken designation. Additionally, a party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn, as follows:

    a.   In the case of Export-Controlled designations, if the Designating Party does not agree in writing to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the court for relief. A motion requesting that a designation be modified or withdrawn must identify, with specificity, the designation(s) at issue and the reasons why the moving party asserts that the designation is improper. Upon any such application/motion, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

    b.   In the case of Confidential designations, if the Designating Party does not notify the objecting party in writing within fifteen business days that it either agrees to the withdrawal or maintains that the documents qualify for Confidential status, the documents will no longer be deemed Confidential, without need to file a motion. If within fifteen business days the Designating Party responds in writing that the documents qualify for

Confidential status, the objecting party may apply to the court for relief. A motion requesting that a Confidential designation be withdrawn must identify, with specificity, the designation(s) at issue and the reasons why the moving party asserts that the designation is improper. Upon any such application/motion, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

    c.    The court may award sanctions if it finds that a party's position was taken without substantial justification.

13. When Export-Controlled testimony is sought at a deposition or when Export-Controlled information or material is produced or requested to be produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Export-Controlled material may be disclosed under this Order.

14. A party may mark Designated Material as a deposition exhibit only if the deposition witness is one to whom the exhibit may be disclosed under this Order and if the exhibit displays the same designation as the original Designated Material.

15. A party that reasonably anticipates it will use, disclose, seek the disclosure of, or be requested to disclose information or material at a hearing or discovery proceeding that is or will be designated as Export-Controlled material must notify all parties of the same as soon as practicable after serving or receiving notice of the hearing or discovery proceeding but, at a minimum, within ten days of the hearing or discovery proceeding, time permitting. If the party serving notice of the hearing or discovery proceeding reasonably anticipates that Export-Controlled material will be used or disclosed at the hearing or discovery proceeding, that party must also identify the Designating Party of the Export-Controlled material that it anticipates will

be used or disclosed in its notice to all parties that Export-Controlled material will be used or disclosed at the hearing or proceeding. Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party an Exhibit A, completed and signed by the person that will be attending the hearing or proceeding, and obtain approval from the Designating Party that the person that will be attending the hearing or proceeding is eligible for receipt of Export-Controlled materials or information. A completed and signed Exhibit A for any and all persons who intend to attend the hearing or discovery proceeding must be provided to the Designating Party at least ten days before the date noticed for the hearing or discovery proceeding. The Designating Party will respond as to whether a person has been approved for receipt of Export-Controlled materials as soon as practicable but no more than five business days after receiving a completed and signed Exhibit A for that person. Any party that fails timely to provide a completed and signed Exhibit A for the person that they intend to attend the hearing or discovery proceeding on its behalf under this Order may waive its right to be present at the subject hearing or discovery proceeding.

16. Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within 15 business days after the Designating Party's receipt of or notification about the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof, including any "rough draft," incomplete or uncertified copies of the transcript in their possession or control as directed by the Designating Party. For any hearing or discovery proceeding where a party provides notice that it anticipates disclosure of Export-Controlled materials as set forth in Paragraph No. 15, pending expiration of the 15 business days as referenced in this paragraph, the deposition transcript shall be treated as designated Export-Controlled in its entirety, and may not be distributed to anyone other than the Designating Party.

17. Any Designated Material which becomes part of an official judicial proceeding or

which is filed with the court is public. Such Designated Material will be sealed by the court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this court. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. In accordance with U.S. Export Control Laws, the court will determine how Designated Material will be treated during trial.

18.     At a hearing or trial, the court will determine whether Designated Material may be introduced or disclosed or discussed only in a closed courtroom or in chambers, and whether any persons, except for those permitted access by this Order to the Designated Material at issue, shall be permitted to attend any hearing or trial at such time as Designated Material information is disclosed. Portions of transcripts of hearing or trial proceedings, or introduced exhibits, where Designated Material is disclosed must be marked as the type of Designated Material at issue and access to the marked portions shall be restricted as consistent with this Order.

19.     Upon final termination of this action as to any Designating Party (whether by settlement, judgment, dismissal, or otherwise), all material designated as Export-Controlled produced by that Designating Party, and copies thereof, shall be destroyed or promptly returned (and in no event later than 45 days after said termination) to that Designating Party. In the case of transcripts, the material designated as Export-Controlled shall be destroyed or permanently redacted including any electronically stored transcripts or copies. The receiving party shall, upon request from the Designating Party, provide to the Designating Party a certification that all materials Designated as Export-Controlled have been returned or destroyed, or in the case of transcripts, permanently redacted (including any electronically stored copies). The Designating

Party agrees to keep possession of any materials designated as Export-Controlled that are returned upon final termination of this action ("Hoff Designated Materials"). The Designating Party will, upon written request by those Plaintiffs' counsel that are subject to this order ("Hoff Plaintiffs' Counsel"), produce the Hoff Designated Materials to the extent that those designated materials are relevant in any future case filed by the Hoff Plaintiffs' Counsel against the Designating Party. If a future case is filed against the Designating Party by the Hoff Plaintiffs' Counsel, then the Hoff Plaintiffs' Counsel agree to execute Exhibit A and stipulate to a Protective Order consistent with this order, and otherwise comply with paragraph 7 of this order as a condition to receiving the Hoff Designated Materials. With respect to materials designated as Confidential, upon final determination of this action, the Designating Party and the Hoff Plaintiffs' Counsel agree to meet and confer regarding the destruction and/or return of the materials designated as Confidential.

20. Inadvertent production of Confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim that the material is Confidential. Any such error shall be corrected within seven days of discovery of the inadvertent production.

21. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from

challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

22. The foregoing is entirely without prejudice to the right of any party to apply to the court for any further order relating to Designated Material; or to object to the production of Designated Material; or to apply to the court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the court.

23. Entering into or agreeing to this Order and/or receiving or producing Designated Material pursuant to this Order or otherwise complying with the terms of this Order shall not:

    a. Be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

    b. Operate as an admission by any party that any particular information or

material designated as Confidential contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  c.  Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential;

  d.  Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

  e.  Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  f.  Prejudice in any way the rights of a party to seek a determination by the court whether any information or material should be subject to the terms of this Order;

  g.  Prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

  h.  Prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

  i.  Shift any evidentiary burdens with respect to the protection or production of documents or information in this action.

24.  The restrictions imposed by this Order may be modified or terminated only by further order of the court.

25.  This order supersedes the Standing Protective Order (ECF No. 10) entered in this action.

26.  Other Proceedings. By entering this Order and limiting the disclosure of

12

information in this litigation, the court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another person's or party's information designated "CONFIDENTIAL," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act" pursuant to this Order shall promptly notify that person or party of the motion so that the person or party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated this 4th day of February, 2025, at Bridgeport, Connecticut.

IT IS SO ORDERED,

*/s/ Sarah F. Russell*

Sarah F. Russell
United States District Judge

EXHIBIT A

I have read and received a copy of the Protective Order entered in the lawsuit entitled *Raymond A. Hoff and Nancy B. Hoff v. AVCO Corporation, et al.*

I attest that I am, (a) a party in this case; (b) counsel, staff, or a vendor for counsel representing a party in this case; or (c) a consultant or expert retained by a party in this case. I hereby agree that I will not disclose any information contained in Designated Material to any person unless permitted by this Order. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set forth in this Order.

I attest that I am qualified under all U.S. Export Laws and Regulations[1] to receive Export-Controlled materials and information as set forth in the Protective Order and that I will comply with all such Laws and Regulations with regard to the receipt of any materials designated as Export-Controlled. I attest that I am a U.S. Person as that is defined at 22 CFR 120.15, have not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in 22 C.F.R. § 120.27, and am not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify me for the receipt of Export-Controlled materials or information. I understand that by the terms of the Protective Order, I am not eligible to receive and agree that I will not receive any such Export-Controlled information or materials designated in this case unless and until I receive confirmation that I have been approved to do so as set forth in Paragraph No. 7 of the Protective Order.

---

[1] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751- 2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 C.F.R. 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

Within 30 days after the termination of the lawsuit against the Designating Party of any Designated Materials that I receive, I agree to return any and all copies of the Designated Materials produced by that Designating Party, as outlined in this Order, to counsel for the Designating Party or the party that I am working for or associated with so that the Designated Materials that I received can be returned to the Designating Party or destroyed, as set forth in Paragraph No. 19 of this Order. I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority of the Designating Party.

As a condition of having access to Designated Material, I agree and consent to be subject to the jurisdiction of the United States District Court for the District of Connecticut with respect the enforcement of the provisions of the Order.

Full Name:

Business Address:

City and State of Residence:

DATED:

Signature: